IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VICKEY D. AUGUST *o/b/o*                                                                    PLAINTIFF
*The Estate of Rodney Frederick, deceased*


      v.                                         CIVIL NO. 22-5189


KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                              DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Vickey D. August, brings this action on behalf of the Estate of Rodney Frederick (hereinafter "Frederick") pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Frederick's claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Frederick protectively filed his current applications for DIB and SSI on June 8, 2020, alleging an inability to work since February 2, 2020, due to Stage IV kidney failure, congestive heart failure and Type 1 diabetes. (Tr. 176, 300, 328). An administrative telephonic hearing was held on June 22, 2021, at which Frederick appeared with counsel and testified. (Tr. 156-173).

By written decision dated July 28, 2021, the ALJ found that during the relevant time period, Frederick had an impairment or combination of impairments that were severe. (Tr. 14).

Specifically, the ALJ found Frederick had the following severe impairments: chronic heart failure, kidney disease and diabetes mellitus. However, after reviewing all of the evidence presented, the ALJ determined that Frederick's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Frederick retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb, balance, crawl, kneel, stoop and crouch.

(Tr. 15). With the help of a vocational expert, the ALJ determined Frederick could perform his past relevant work as an insurance clerk, as generally performed; and other work as a document preparer, cutter and passer, and surveillance systems monitor. (Tr. 20-21).

Frederick then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Frederick denied that request on July 18, 2022. (Tr. 1-7). Subsequently, Frederick filed this action.[1] (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 9). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 18).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.   Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it

---

[1] On February 6, 2023, after being informed of Mr. Frederick's passing, this Court granted Plaintiff's motion to substitute a party. (ECF No. 20).

adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy

given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

### III. Discussion:

Plaintiff argues the following issue on appeal: A) The ALJ failed to assess an RFC that accounted for Frederick's limitation in his ability to persist throughout the day. (ECF No. 16).

The regulations provide that the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The newly submitted evidence thus becomes part of the "administrative record," even though the evidence was not originally included in the ALJ's record. *See Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992). If the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence, including the new evidence, it will review the case. *See* 20 C.F.R. § 404.970(b). Here, the Appeals Council denied review, finding that the new evidence did not relate to the time period at issue. (Tr. 2). In these circumstances, the Court does not evaluate the Appeals Council's decision to deny review, but rather the Court determines whether the record as a whole, including the new evidence, supports the ALJ's determination. *See Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000) ("When the Appeals Council has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence.").

In this case, the record revealed Frederick's on-going treatment for congestive heart failure and renal insufficiency. Medical records reveal Frederick's treating physicians discussed end-stage renal disease, consideration of a peritoneal dialysis catheter or fistula, and referral to a transplant center with him in February of 2020. The new evidence submitted to the Appeals Council included

medical records dated December 1, 2021, indicating Frederick was hospitalized from August 1, 2021, through August 5, 2021, due to chest pain and vomiting. (Tr. 101-108). These records indicate that in April of 2021, Dr. Umbar Ghaffar and Frederick discussed that Frederick needed to start thinking about a kidney transplant versus dialysis; that in June of 2021, Dr. Ghaffar noted Frederick had chronic fatigue/tiredness; that in August of 2021, Dr. Ghaffar and Frederick discussed the various dialysis options and that it was time for a referral to surgery for access placement; and that in September of 2021, Dr. Ghaffar noted Frederick had a fistula placed about three weeks ago that was not going to work so a second procedure would need to be scheduled. Frederick began hemodialysis on December 14, 2021. (Tr. 96). Had the ALJ had this medical evidence before him when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new evidence.

On remand, the ALJ is also directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities during the relevant time period. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC for the time period in question.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of September 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE